**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KELLY MCSEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 4:24-cv-00094-SEP |
| | ) | |
| ROY FOOT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is a pro se Plaintiff Kelly McSean's Complaint, Doc. [1].   For the reasons set forth below, Plaintiff is ordered to amend the Complaint on a Court-provided form and either pay the full filing fee or file a motion to proceed *in forma pauperis*.

### BACKGROUND

Plaintiff Kelly McSean is a pretrial detainee at St. Francis County Jail.   In August 2023, Plaintiff and two other prisoners jointly sued, alleging violations of their civil rights under 42 U.S.C. § 1983.   Because prisoners cannot join together in a single lawsuit, Plaintiff was severed from the original case and a new case was opened in Plaintiff's name.   *See* Doc. [2].

### DISCUSSION

The Complaint is defective for two reasons.   First, the Complaint brings claims on behalf of two other prisoners.   "In all courts of the United States the parties may plead and conduct their own cases personally."   28 U.S.C. § 1654.   But Plaintiff cannot bring claims on behalf of others.   *See Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) ("As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'") (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)). And because Plaintiff is not a licensed attorney, Plaintiff cannot represent others in this Court. *See* E.D. Mo. L.R. 12.01 ("Except as otherwise provided in this rule, only attorneys enrolled pursuant to the rules of this Court or duly admitted pro hac vice may file pleadings, appear, or practice in this Court.").   Second, the Complaint is defective because it was not drafted on a Court-provided form.   *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.   If an action is not filed on a Court-provided form, the Court, in its discretion, may order the self-represented plaintiff or petitioner to file the action on a Court-provided form.").

In consideration of Plaintiff's pro se status, the Court will give Plaintiff the opportunity to file a signed amended complaint.   Plaintiff is advised that the amended complaint will replace the original complaint.   *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").   Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided by the Clerk of Court.   *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the person Plaintiff intends to sue.   *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . .").   Plaintiff must avoid naming anyone as a defendant unless that person is directly related to the claims.   Plaintiff must also specify the capacity—official or individual— in which each defendant is being sued.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name.   In separate, numbered paragraphs under that name, Plaintiff must set forth a short and plain statement of the facts that support the claim or claims against that defendant.   *See* Fed. R. Civ. P. 8(a).   Each allegation must be simple, concise, and direct.   *See id*.   Plaintiff must state the claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."   *See* Fed. R. Civ. P. 10(b).

If Plaintiff names a single defendant, Plaintiff may set forth as many claims as Plaintiff has against that defendant.   *See* Fed. R. Civ. P. 18(a).   If Plaintiff names more than one defendant, Plaintiff should only include claims that arise out of the same transaction or occurrence—that is, claims that are related to each other.   *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff must allege facts explaining how each defendant was personally involved in and directly responsible for the alleged harm.   *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).   Plaintiff must explain the role of each defendant so that the defendant will have notice of what he or she is accused of doing or failing to do.   *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim . . . .") (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiff's failure to make specific factual allegations against a defendant will result in the

dismissal of that defendant.   The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."   *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   If Plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth in this Order, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Plaintiff also must either pay the $405 filing fee or file a fully completed Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by a certified copy of Plaintiff's inmate account statement for the six-month period immediately preceding the filing of the Complaint.   *See* 28 U.S.C. § 1915(a)(2).   If Plaintiff fails to either pay the $405 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by the required inmate account statement, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to Plaintiff a copy of this Order and a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form within **twenty-one (21) days** of the date of this Order.   Plaintiff is advised that the amended complaint will take the place of the original complaint and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's form Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, Plaintiff shall either pay the $405 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs along with a certified copy of Plaintiff's inmate account statement for the six-month period preceding the filing of the Complaint.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 1st day of February, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3