UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY MCSEAN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-00094-SEP |
| | ) |
| ROY FOOT, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Appointment of Counsel, Doc. [4]. For the reasons set forth below, the motion is denied. The Motion also requests the Clerk of Court to substitute "Scott Halek" for Defendant "Unknown Halek." The Clerk of Court is ordered to make that substitution.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."). A district court "may appoint counsel in [civil] cases if convinced that an indigent plaintiff has stated a non-frivolous claim, and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Appointment of counsel is not warranted at this time. Plaintiff, who is a pretrial detainee incarcerated at St. Francis County Jail, has not demonstrated an inability to investigate or litigate the claim. On February 1, 2024, Plaintiff was ordered to file an amended pleading no later than February 22, 2024. Doc. [3]. Plaintiff has experience as a pro se litigant, having filed seven

civil cases in this Court in the past year.[1] The factual and legal issues presented by this case do not appear to be complex. Therefore, the Court declines to appoint counsel at this time. The Court may entertain future motions for appointment of counsel as the case develops.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel, Doc. [4], is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Defendant Unknown Halek for Defendant Scott Halek.

Dated this 12th day of February, 2024.

_Sarah E. Pitlyk_
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[1] *See McSean v. Hacker*, No. 4:23-cv-00878-JSD (E.D. Mo. 2023); *McSean v. Bullock*, No. 4:23-cv-01072-HEA (E.D. Mo. 2023); *McSean v. Lemons*, No. 4:23-cv-01086-RLW (E.D. Mo. 2023); *McSean v. Bullock*, No. 4:23-cv-01174-JMB (E.D. Mo. 2023); *McSean v. Harris*, No. 4:23-cv-01706-JMB (E.D. Mo. 2023); *McSean v. Chamberlain*, 4:23-cv-01225-MTS (E.D. Mo. 2023).